## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

In re

**ROBIN JEAN LYON CINI,**

        Debtor.

Case No.  **10-62715-13**

---

**ROBIN JEAN LYON CINI,**

        Plaintiff.

-vs-

**VISCOMI & GERSH, PLLP**, **PETER F. CARROLL**, **JOHN DARREN COGAR, SUSANNE J. COGAR, BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., NIGEL CINI, ROBIN JEAN LYON CINI, PERSONAL REPRESENTATIVE OF THE ESTATE OF HANNA CINI,** and **ROBIN JEAN LYON CINI, CONSERVATOR FOR BAYDEN CINI,**

        Defendants.

Adv No.  **11-00007**

## MEMORANDUM OF DECISION

At Butte in said District this 27th day of May, 2011.

Pending in this adversary proceeding are:  Plaintiff's motion for partial summary judgment (Docket No. 16); and Defendant Peter F. Carroll's ("Carroll") motion to dismiss Counts I, III and IV of the 1st amended and substituted complaint ("amended complaint") for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) (Dkt. 11).   Hearings on both of these

motions were held at Missoula on April 7, 2011.  Carroll, who is a licensed attorney, appeared

pro se.  Defendant Nigel Cini appeared pro se.  The Plaintiff was represented by attorney Jeffrey

Greenwell ("Greewell") of Kalispell.  Brian M. Joos appeared representing Defendants John

Darren Cogar and Susanne Cogar ("Cogars").  No testimony was admitted.  Exhibits ("Ex.") 1, 2,

3, 4, and 5 were admitted into evidence without objection.  The Court heard argument of counsel,

and at the conclusion of the hearing took both motions under advisement.  After review of the

record and applicable law, these matters are ready for decision.  For the reasons set forth below,

Plaintiff's motion for partial summary judgment will be granted and partial judgment will be

entered in favor of the Plaintiff under Count I of the amended complaint providing that $5,840.81

in funds held in the trust account of Defendant Viscomi & Gersh, PLLP, ("Viscomi") is property

of the estate.  Carroll's motion to dismiss for lack of subject matter jurisdiction of that $5,840.81

will be denied.  This Memorandum of Decision includes the Court's findings of fact and

conclusions of law under F.R.B.P. 7052 (applying Fed. R. Civ. P. 52 in adversary proceedings).

This Court has exclusive jurisdiction of the above-captioned Chapter 7 bankruptcy case

under 28 U.S.C. § 1334(a).  Plaintiff's amended complaint (Dkt. 7) avers claims for relief

including but not limited to:  To determine the validity, priority or extent of liens, claims and

interests in claims, recoveries and proceeds from litigation, a probate estate of the Plaintiff's

deceased daughter Hanna Cini ("Hanna") and settlement proceeds (Count I); determination of

competing post-petition judicial liens of Carroll and Plaintiff (Count III); and for civil contempt

for violation of the stay under 11 U.S.C. § 362 against Carroll and co-Defendants Cogar (Count

IV).  Proceedings to determine the validity, extent or priority of liens, to turn over property of the

estate, affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor

relationship, all are core proceedings under 28 U.S.C. § 157(b)(2).

Carroll's motion to dismiss, and his answer to the amended complaint, contend that this Court lacks subject matter jurisdiction of the $5,840.81 and that Counts I, III, and IV should be dismissed. Cogars filed a response (Dkt. 25) conceding Plaintiff's motion for partial summary judgment, and stating that Plaintiff is entitled to the $5,840.81 in Viscomi's trust account and that such funds are property of the estate.

## FACTS

After Plaintiff filed her amended complaint, Carroll filed his motion to dismiss Counts I, III and IV. Carroll's motion contends that this Court lacks subject matter jurisdiction of the $5,840.81 because those funds are property of Nigel, not property of the estate, and that the Plaintiff did not list an interest in the $5,840.81 in her bankruptcy schedules. Carroll's motion includes the 14-day notice of the opportunity to respond and request a hearing required under Montana Bankruptcy Rule ("Mont. LBR") 9013-1(e). Plaintiff filed a response in opposition, combined with[1] her 1st motion for summary judgment on Count I. Separately, Plaintiff filed a "Statement of Uncontroverted Facts in Support of Plaintiff's 1st Motion for Summary Judgment" ("SOUF"). Such a statement of uncontroverted facts is required by Mont. LBR 7056-1(a)(1) governing summary judgments.

The SOUF (Dkt. 17) at pages 2-3 sets forth the following facts:

1. On 4/23/09, Robin was appointed Personal Representative in intestacy of the Estate of Hanna Cini. (MT 11th Judicial District Court, Case No. DP-09-67A).

---

[1]The response and motion for summary judgment are separate docket entries, Dkt. 15 and 16, but they are combined in one pleading.

2. On or about 7/29/09, Robin and her ex-husband Nigel Cini ("Nigel") signed an agreement (the "7/29/09 agreement") relating to division of the claims and proceeds from the wrongful death or survival action being prosecuted by the Estate of Hanna Cini. [*See.* Exhibit 1, pg. 10-13].

3. The 7/29/09 agreement sets forth that Nigel assigned to Robin the first $50,000.00 in distributions that would be paid to him by the Estate of Hanna Cini. (the "prepetition property interest"). [*See.* Id at pgs. 10-11, ¶ 3].

4. The prepetition property interest has been partially satisfied through distributions by the Estate of Hanna Cini, but Robin is entitled to a remaining $5,840.81.  [Id. at pg. 4, ¶ 7(B); Exhibit 2, pg. 2, ¶ 13].

5. On 11/19/10, Robin filed her Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Montana. (Case #10-62715, Dkt. 001-0).

6. Michael A Viscomi and Peter Carroll have both stated in an affidavit filed in State Court that on the date of Robin's bankruptcy, her interest or claim in any distribution by the Estate of Hanna Cini, up to and including the remaining $5,840.81 (supra ¶ 4), is property of the Chapter 13 bankruptcy estate. [Exhibit 1, pg. 5, ¶ 7(B); Exhibit 2, pg. 2-3, ¶¶ 12, 13, 14].

7. Robin's property that is set forth in ¶ 6 is protected under § 362, automatic stay provision, of the Code. [*See.* §362 of the Code].

8. Robin filed a 1st Amended and substituted Complaint, in which she alleged in Count I, which incorporated ¶¶ 16 & 17 as follows: [AP # 11-07, Dkt. 007-0, ¶¶ 16-17].

a. On or about 7/29/2009, Robin and her ex-husband Nigel signed an agreement (" the 7/29/09 agreement") relating to division of the claims and proceeds from the wrongful death or survival action being prosecuted by the estate. In ¶ 3 of that Agreement, Nigel assigned an interest of $50,000.00 to Robin. ("the prepetition property interest").

b. The prepetition property interest, the assignment by Nigel, to Robin, in ¶ 3 of the 7/29/09 agreement, is property of the chapter 13 estate and protected by the automatic stay.

Attached to the SOUF are the affidavits of Michael Viscomi and Carroll referenced in the

4

above facts.  Those affidavits also were admitted into evidence as Ex. 3 (Viscomi) and Ex. 4 (Carroll).

Summary judgment in this Court is governed by Federal Rules of Bankruptcy Procedure 7056 and by Mont. LBR 7056-1.  Mont. LBR 7056-1(a)(2) requires that an opposition to a motion for summary judgment must be filed within fourteen (14) days after the motion is served, and a separate "Statement of Genuine Issues" setting forth specific facts which preclude summary judgment in favor of the moving party, must be filed by the party opposing the motion together with an opposition brief.  Rule 7056-1(a)(3) provides:  "All material facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement of Genuine Issues filed by the opposing party."

Plaintiff's motion for summary judgment was served on Carroll electronically by the Court's CM/ECF system on March 17, 2011.  In addition to Mont. LBR 7056-1(a)(2), Plaintiff's motion includes the notice provided under LBR 9013-1(e) granting Carroll 14 days to respond and request a hearing, and advising that "if no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted."  Carroll did not file an objection to Plaintiff's motion within 14 days.  At the hearing Carroll admitted that he did not file a response.  He explained that he did not think that he had to respond until his motion to dismiss was decided.  By operation of LBR 9013-1(f), "a failure to respond by any entity shall be deemed an admission that the relief requested should be granted."

In addition, Carroll failed to file a Statement of Genuine Issues required under Mont. LBR 7056-1(a)(2).  The effect of Carroll's failure to file a Statement of Genuine Issues is

provided at Mont. LBR 7056-1(a)(3): "All material facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement of Genuine Issues filed by the opposing party." Therefore, by operation of LBR 7056-1(a)(3), all material facts in the Plaintiff's SOUF which are quoted above are deemed admitted. Specifically, Fact No. 6 which states, according to Viscomi's and Carroll's affidavits, that the $5,840.81 is property of the estate, is deemed admitted. Likewise Fact No. 7, which states that the $5,840.81 is protected by the automatic stay of § 362(a), is deemed admitted.

Carroll's admission that the $5,840.81 is property of the estate is corroborated by his affidavit admitted into evidence without objection as Ex. 4, on page 3,

13. That as Mr. Viscomi reported, and [sic] assignment of claim was given to Ms Lyon previously, and approximately $5,840.81 remains owed on that assignment. There does not appear to have been any act or action to assert the payment of that assignment.

* * * *

14. Any monies owed to Ms Lyon should be directed [to] the bankruptcy trustee as property of the bankruptcy estate.

## DISCUSSION

### I. Summary Judgment.

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In*

6

*re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986).  Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.  *T.W. Elec. Serv.*, 809 F.2d at 631.  In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

Plaintiff has satisfied her initial burden of proof of demonstrating that there is no genuine issue of material fact.  Carroll did not respond to Plaintiff's motion, and did not file a Statement of Genuine Issues.  His argument that he did not think he had to until his motion to dismiss was decided is unavailing.  Carroll is a licensed attorney.  Although he is pro se, in the Ninth Circuit pro se litigants are not excused from compliance with the rules.  *Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. BAP 2002).  Ignorance of court rules does not constitute excusable neglect, even if a litigant appears *pro se. Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (*quoting Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987)); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Carroll was aware enough of this Court's local rules to include the 14-day notice required under LBR 9013-1(e) in his motion.  His failure to respond to the SOUF with a statement of genuine issues, subjects him to the admissions which arise by operation of LBR 7056-1(a)(3) and LBR 9013-1(f).  Accordingly, the Court finds that Plaintiff has satisfied her initial burden of demonstrating that there is no genuine issue of material fact, and Carroll has not made a showing of any disputed material facts.  The inquiry shifts to whether the moving party is entitled to

judgment as a matter of law.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

Plaintiff argues that the $5,840.81 is property of the estate under 11 U.S.C. § 541(a), and that it is protected by the automatic stay under § 362(a)(3).  Carroll argues that the $5,840.81 is not property of the estate because it was not listed in the Plaintiff's Schedules.  A recent Ninth Circuit  Bankruptcy Appellate ("BAP") decision explains:

> "Property of the estate" is defined in § 541(a) as all of a debtor's legal or equitable interests in property, wherever located, as of the commencement of the case, and includes nine non-exclusive subcategories of property.  11 U.S.C. § 541(a)(1) – (a)(9).  Nothing in § 541 limits property of the estate to property scheduled by a debtor.  Moreover, property of the estate includes non-debtor interests in property recovered or recoverable through the Bankruptcy Code's transfer and lien avoidance provisions. 11 U.S.C. § 541(a)(3), (4); *Owen v. Owen*, 500 U.S. 305, 308 (1991).  Property of the estate, therefore, includes property not identified or listed on the bankruptcy schedules.

*Samson v. Western Capital Partners, LLC (In re Blixseth)*, __ B.R. __, 2011 WL _____ (9th Cir. BAP, May 25, 2011).

Based on that authority and the broad scope of property of the estate under § 541(a), Carroll's and Viscomi's admissions in their affidavits (Ex. 3 and 4), and Carroll's admissions by operation of this Court's Local Rules, the Court concludes that Plaintiff is entitled to partial summary judgment as a matter of law under Count I that the $5,840.81 in Viscomi's trust account is property of the estate.

## II.  Carroll's Rule 12(b)(1) Motion to Dismiss.

Carroll's motion to dismiss contends that this Court lacks subject matter jurisdiction over the $5,840.81.  Plaintiff objects that the $5,840.81 is property of the estate, which the Court established in this case above..

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of*

*America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Rule 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. It is to be presumed that a cause lies outside this Court's limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting jurisdiction. *Id.* (citing cases); *see also In re Elias*, 215 B.R. 600, 604 (9th Cir. BAP 1997). Thus, it is the Plaintiff rather than the moving party Carroll who has the burden of establishing jurisdiction.

The Ninth Circuit set forth a thorough analysis of bankruptcy court jurisdiction *In re Ray*, 624 F.3d 1124, 1130-31 (9th Cir. 2010). The Ninth Circuit wrote:

> With some limited exceptions not at issue here, Section 1334 provides that bankruptcy courts have "jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." § 1334(b); *see generally Collier on Bankruptcy* §§ 3.01-3.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed 2010). Section 157(b)(1) provides that "Bankruptcy judges may hear and determine all cases arising under title 11, or arising in a case under title 11" that are referred to it by the district court. Congress also provided a non-exhaustive list of core proceedings, *see* § 157(b)(2) and indicated a matter may be a core proceeding even if state law affects its outcome, *see* § 157(b)(3); *see also Marshall v. Stern (In re Marshall)*, 600 F.3d 1037, 1054 (9th Cir. 2010).

> The result is that bankruptcy courts have jurisdiction to hear a broad array of issues, but the exercise of their jurisdiction to enter any final order or judgment is limited to (1) "cases under title 11," § 157(b)(1); (2) "core" bankruptcy proceedings that either "arise under" the Bankruptcy Code or "arise in" a case under the Code, *id.*; or (3) cases in which all interested parties "consent" to the bankruptcy court having jurisdiction to enter a final order in a matter that is "related to" a case under the Bankruptcy Code, § 157(c)(2); *see also N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *Harris v. Wittman, (In re Harris)*, 590 F.3d 730, 737 & n. 3 (9th Cir. 2009).

624 F.3d at 1130.

The amended complaint (Dkt. 7) includes a paragraph 1 at the top of page 3 averring that this Court has jurisdiction of this matter under § 1334 "based on this proceeding arising from the

above Chapter 13 case and concerns property of the estate." Paragraph 3 avers that this is a core

proceeding under 28 U.S.C. § 157(b)(2)(A).

> The Ninth Circuit explained:
>
> Congress non-exhaustively enumerated what constitutes a "core" proceeding in 28 U.S.C. § 157(b)(2). The proceedings listed include matters affecting the administration of the estate, determination of the validity, extent, or priority of liens, and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. § 157(b)(2)(A), (K), (O). "[The] section, however, does not enumerate examples of, or define what constitutes, 'non-core' proceedings." *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004). We have addressed this question, holding proceedings to be "non-core" "if they do not depend on the Bankruptcy Code for their existence and they could proceed in another court." *Id.* (internal citation omitted). In another articulation, we stated a core proceeding is one that "invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Gruntz v. County of L.A. (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000) (internal quotation marks omitted).

*Ray*, 624 F.3d at 1131.

Count I, upon which Plaintiff's motion for partial summary judgment is based, avers a

claim to determine the validity, and priority of the Defendants' liens, claims or interests in

property of the estate. Such is an enumerated core proceeding under § 157(b)(2)(K). The fact

established above that the $5,840.81 is property of the estate is by operation of § 541(a) of the

Bankruptcy Code and, as such, this proceeding could only arise in the context of a bankruptcy

case and therefore must be a core proceeding. *Id.,* quoting *Gruntz.*

In sum, the $5,840.81 is property of the estate. The Court concludes that the Plaintiff has

satisfied her burden of establishing subject matter jurisdiction, and Carroll's motion to dismiss

will be denied.

11

## CONCLUSIONS OF LAW

1.  This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2.  Count I is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

3.  Defendant Peter Carroll failed to comply with Mont. LBR 7056-1(a)(2) by failing to file a "Statement of Genuine Issues."  Pursuant to LBR 7056-1(a)(3) all material facts in the Plaintiff's Statement of Uncontroverted Facts are deemed admitted.

4.  Plaintiff satisfied her burden of proof under FED. R. BANKR. P. 7056, incorporating FED. R. CIV. P. 56(c) of showing that no genuine issue of material fact exists with respect to its contentions under Count I, and that Plaintiff is entitled to summary judgment as a matter of law that $5,840.81 in funds held in the trust account of Defendant Viscomi & Gersh, PLLP, is property of the estate under 11 U.S.C. § 541(a)[2].

5.  Plaintiff satisfied her burden under Rule 12(b)(1) of establishing that this Court does not lack subject matter jurisdiction over the $5,840.81.

**IT IS ORDERED** a separate Order and Judgment shall be entered in conformity with the above granting the Plaintiff's 1st Motion for Summary Judgment (Dkt. 16) and entering Judgment in favor of the Plaintiff providing that $5,840.81 in funds held in the trust account of Defendant

///

///

///

---

[2]Plaintiff's motion is based on Count I and the limited issue of the existence of property of the estate.  However, the prayer at the end of Dkt. 11 requests judgment that the $5,840.81 is protected by the § 362 automatic stay.  Since it is an "automatic stay," such relief is unnecessary and beyond the scope of the limited relief sought under Count I and Plaintiff's motion.

Viscomi & Gersh, PLLP, is property of the estate.

                                        BY THE COURT

                                        *[signature: Ralph B. Kirscher]*

                                        HON. RALPH B. KIRSCHER
                                        U.S. Bankruptcy Judge
                                        United States Bankruptcy Court
                                        District of Montana

13