UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ROBIN JEAN LYON CINI**,<br><br>Debtor.<br><br>**ROBIN JEAN LYON CINI**,<br><br>Plaintiff.<br><br>-vs-<br><br>**VISCOMI & GERSH, PLLP, PETER F. CARROLL, JOHN DARREN COGAR, SUSANNE J. COGAR, BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., NIGEL CINI, ROBIN JEAN LYON CINI, PERSONAL REPRESENTATIVE OF THE ESTATE OF HANNA CINI**, and **ROBIN JEAN LYON CINI, CONSERVATOR FOR BAYDEN CINI**,<br><br>Defendants. | Case No. **10-62715-13**<br><br><br><br><br><br>Adv No. **11-00007** |

## MEMORANDUM OF DECISION

At Butte in said District this 22nd day of June, 2011.

Pending in this adversary proceeding is the Plaintiff's 2nd motion for partial summary judgment against Defendant Nigel Cini ("Nigel") on Count I of the 1st Amended and Substituted Complaint, and Defendant Peter F. Carroll's ("Carroll") response thereto. Nigel did not file a response. After review of the motion and objection, and applicable law, for the reasons set forth below, Plaintiff's 2nd motion for summary judgment will be denied because there remains a genuine issue of material fact. This Memorandum of Decision includes the Court's findings of

fact and conclusions of law under F.R.B.P. 7052 (applying FED. R. CIV. P. 52 in adversary proceedings).

This Court has exclusive jurisdiction of the above-captioned Chapter 7 bankruptcy case under 28 U.S.C. § 1334(a). Plaintiff's amended complaint (Docket No. 7) avers claims for relief including but not limited to: Count I – to determine the validity, priority or extent of liens, claims and interests in claims, recoveries and proceeds from litigation, a probate estate of the Plaintiff's deceased daughter Hanna Cini ("Hanna") and settlement proceeds; determination of competing post-petition judicial liens of Carroll and Plaintiff (Count III); and for civil contempt for violation of the stay under 11 U.S.C. § 362 against Carroll and co-Defendants Cogar (Count IV). Proceedings to determine the validity, extent or priority of liens, to turn over property of the estate, affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship, all are core proceedings under 28 U.S.C. § 157(b)(2).

Plaintiff's 2nd motion for summary judgment (Dkt. 61) seeks entry of summary judgment against Nigel on Count I on the limited issue of the validity or priority of Nigel's lien, based upon Plaintiff's contention that Plaintiff purchased all of Nigel's rights and interests in all recoveries, proceeds, or interests in state court litigation, Case # DV-09-1488(a) and # DP-09-67(A), at a sheriff's sale. Carroll's response (Dkt. 71) to Plaintiff's 2nd motion for summary judgment contends that the posting, publication and sheriff's sale of Nigel's property occurred on an expired writ, and that there remains a genuine issue of material fact because the sale was void.

## FACTS

Plaintiff filed a "Statement of Uncontroverted Facts in Support of Plaintiff's 2nd Motion for Summary Judgment" ("SOUF"). Such a statement of uncontroverted facts is required by

Mont. LBR 7056-1(a)(1) governing summary judgments.

The SOUF (Dkt. 62) at pages 2-5 sets forth the following facts:

### A. CREATION OF THE PROPERTY INTEREST IN DISPUTE

1. On 4/16/2009, Robin Cini ("Robin") was in an automobile accident, in which Robin sustained injuries, her son Bayden Cini ("Bayden") sustained injuries, and her daughter Hanna Cini ("Hanna") passed away.

2. On or about 7/29/09, Robin and her ex-husband Nigel Cini ("Nigel") entered into an Agreement (the "7/29/09 Agreement") relating to division of the claims and proceeds from the wrongful death or survival action ("wrongful death action") being prosecuted by the Estate of Hanna Cini. [*Id.*; Attached as Exhibit 1].

3. The 7/29/09 agreement sets forth the division of property interests from all claims and proceeds resulting from the wrongful death action as follows:

   a. Robin would receive 42.5% of the recovery;
   b. Nigel would receive 42.5% of the recovery; and
   c. Baden would receive 15% of the recovery.

[*Id.*; *See.* Exhibit 1, pg. 1].

4. On 10/15/10, Robin received a judgment against Nigel for failure to pay child support in the amount of $7,885.00. [MT 11th Judicial District Court, Case No. DR-08-493(A); Attached as Exhibit 2, pg. 14-15].

5. On 11/19/10, Robin filed her Chapter 13 bankruptcy petition in this Court. [Case #10-62715, Dkt. 001-0; Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of this fact].

6. On 11/29/10, the 11th Judicial District Court entered an Order awarding Robin $25,271.40 in attorney fees pursuant to the Findings of Fact, Conclusions of Law, Order and Judgment issued by the Court on 10/15/10. [MT 11th Judicial District Court, Case No. DR-08-493(A); Attached as Exhibit 3].

7. On various dates in late January 2011 and February 2011 Robin caused an execution to be levied on the following persons and property interests:

   a. Peg Allison, Clerk of Court: The levy requested the clerk to note / file / record / docket this levy, in the official court records, against all interests

3

of Nigel John Cini (SSN xxx-xx-8425) in the following actions now pending in the 11th Judicial District of Montana:

    i. Cini v. Swarzenberger, et al., DV-09-1488(A); and
    ii. In the Matter of the Estate of Hanna M. Cini, deceased, case # DP-09-67(A).  [Attached as Exhibit 4].

b. Viscomi & Gersh, PLLP : The levy of execution was against all interests of Nigel John Cini (SSN xxx-xx-8425) in the following actions, recoveries, proceeds or interests of any sort now pending in the 11th Judicial District of Montana:

    i. Cini v. Swarzenberger, et al., DV-09-1488(A); and
    ii. In the Matter of the Estate of Hanna M. Cini, deceased, case # DP-09-67(A).

[Attached as Exhibit 5].

c. Nigel was served with a copy of the execution, the Notice and the Directions for Service; [Attached as Exhibit 6].

d. Robin Cini, PR of the Estate of Hanna : The execution was levied on / against all interests of Nigel John Cini (SSN xxx-xx-8425) in the following actions now pending in the 11th Judicial District of Montana:

    i. In the Matter of the Estate of Hanna M. Cini, deceased, case # DP-09-67(A).  [Attached as Exhibit 7].

    8. On 1/24/11, Robin opened this adversary proceeding and filed a complaint. [AP 11-07, Dkt. 001-0; Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of this fact].

    9. On 2/18/11, Cini filed a 1st Amended and Substituted Complaint (the "Complaint").

a. The complaint requested the Court determine the validity, priority or extent of the liens, claims, and other interests in all claims, recoveries and proceeds;
b. The claims, recoveries and proceeds related to interests arising out of Cini v. Swarzenberger, et al., DV-09-1488(A), and In the Matter of the Estate of Hanna M. Cini, deceased, Case # DP-09-67(A). [AP 11-07, Dkt. 007-0; Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of this fact].

      10. On 3/28/11, the Clerk entered default against Nigel per FRBP 7055.  [AP 11-07, Dkt. 024-0; Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of this fact].

      11. Notice of the sale was posted and published according to statute in Flathead County, Montana. [Attached as Exhibit 8].

      12. On 5/3/11, Robin purchased, at the execution sale, all of Nigel's rights, title and interests in and to the following:

      a. All interests of Nigel John Cini in the following actions, recoveries, proceeds or interests of any sort now pending in the 11th Judicial District of Montana:

            i. Cini v. Swarzenberger, et al., DV-09-1488(A); and
            ii. In the Matter of the Estate of Hanna M. Cini, deceased, DP- 09-67(A).

[Attached as Exhibit 9].

      13. On 5/20/11, the Court entered an Order that denied Nigel's Motion to Set Aside Entry of Default. [AP 11-07, Dkt. 29; Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of this fact].

Attached to the SOUF are the exhibits and affidavits referred to above.

Summary judgment in this Court is governed by Federal Rules of Bankruptcy Procedure 7056 and by Mont. LBR 7056-1.  Mont. LBR 7056-1(a)(2) requires that an opposition to a motion for summary judgment must be filed within fourteen (14) days after the motion is served, and a separate "Statement of Genuine Issues" setting forth specific facts which preclude summary judgment in favor of the moving party, must be filed by the party opposing the motion together with an opposition brief.  Rule 7056-1(a)(3) provides:  "All material facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement of Genuine Issues filed by the opposing party."

Carroll filed his response in opposition on June 16, 2011, and also filed a Statement of

5

Genuine Issues (Dkt. 72), which sets forth the following disputed facts:

 1. That Mr. Carroll obtained a judgment against Mr. Nigel Cini on May 10, 2010, which judgment provided Mr. Carroll with a fixed judgment debt, interest after May 10, 2011, and a lien on the proceeds of certain legal proceedings pending in the Eleventh Judicial District Court in the State of Montana.

 2. The plaintiff asserted the issuance of a judgment in November 2010, awarded for attorney's fees in favor of the plaintiff. The defendant notes, that the judgment is presently the subject of an appeal to the Montana Supreme Court, filed as DA-10-0647. Further, said judgment appears to be in favor of the plaintiff's attorney in that cause inasmuch as the judgment required payment to the law firm, not to the plaintiff/debtor herein.

 3. That the debtors [sic] judgment obtained subsequent to the judgment of record owned by Mr. Carroll does not have priority before the judgment of Mr. Carroll.

 4. That the Clerk of the District Court issued a single writ of execution in favor of the plaintiff here on December 21, 2010.

 5. That the Plaintiff published and posted notice of an attempted execution sale when the writ had expired as a matter of law.

 6. That the sale or purchase of the property interests of Nigel Cini at an execution sale on a writ which was expired as a matter of law is void ab initio and unenforceable.

 7. That the plaintiff had knowledge of the judgment and the judgment lien of the defendant, Peter F. Carroll.

 8. That the plaintiff has any property interest prior to the that of the judgment debtor Mr. Carroll pursuant to his levy of execution.

## DISCUSSION

**I. Summary Judgment**.

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48,

106 S.Ct. at 2509.  If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied.  *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986).  Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.  *T.W. Elec. Serv.*, 809 F.2d at 631.  In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

## II. Analysis.

The Court finds that Plaintiff has satisfied her initial burden of proof of demonstrating that there is no genuine issue of material fact.  Plaintiff filed a detailed SOUF, supported by exhibits, state court documents, and affidavits.  The burden thus shifts to Carroll to set forth specific facts and affirmatively showing that there is a genuine issue for trial.  Carroll's Statement of Genuine Issues, and his objection, is based mainly on the fact that the Debtor/Plaintiff undertook an execution and Sheriff's sale on a writ which had expired as a matter of law.  Therefore, Carroll contends, the sale was void and unenforceable.  Carroll did not include exhibits with his genuine issues, but relevant documents were filed with Plaintiff's SOUF (Dkt. 62).

The affidavits of service of the execution and order issued by the state court in Case # DR-08-483(A) are filed as Ex. 4, 5, 6, and 7.  Ex. 6 is the affidavit of service of the execution and order issued by the state court on Nigel, and it provides on the last page an "Order" signed by

the clerk of court dated December 21, 2010, which directs the Sheriff:

> Now, you the said Sheriff, are hereby required to make said sum due on the said judgment, with interest aforesaid and costs and accruing costs, to satisfy the said judgment our [sic] of the real and/or personal property of the said defendants, and make return of this writ within 120 days after your receipt hereof with what you have done.

Ex. 6.

Plaintiff's SOUF does not establish when the execution and order on Ex. 6 were delivered to the Sheriff. Carroll's Issues Nos. 5 and 6 allege that the publication of the sale and the execution sale of Nigel's interests took place when the writ had expired. If one Counts from the date of issuance of the execution and order on Ex. 6, December 21, 2010, the 120 days when the writ was to be returned expired on or about April 20, 2011. Plaintiff states at Fact 12 that the Sheriff's sale took place on May 3, 2011.

Based on the Plaintiff's Ex. 6, and Carroll's Statement of Genuine Issues, the Court finds that Carroll has satisfied his burden to show that there remain genuine issues of fact about whether the Sheriff's sale of Nigel's interests took place in accordance with applicable law. The Court concludes that the specific facts set forth by Carroll regarding whether the Sheriff's sale took place after the expiration of the writ, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in Carroll's favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. Therefore, Plaintiff's 2nd motion for summary judgment must be denied.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2. Count I is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

9

    3. Plaintiff failed her burden of proof under FED. R. BANKR. P. 7056, incorporating FED. R. CIV. P. 56(c) of showing that no genuine issue of material fact exists with respect to her contentions under Count I.

    **IT IS ORDERED** a separate Order shall be entered in conformity with the above denying Plaintiff's 2nd motion for summary judgment (Docket No. 61).

                                 BY THE COURT

                                   */s/ Ralph B. Kirscher*
                                 HON. RALPH B. KIRSCHER
                                 U.S. Bankruptcy Judge
                                 United States Bankruptcy Court
                                 District of Montana