UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ROBIN JEAN LYON CINI**,<br><br>Debtor. | Case No. **10-62715-13** |
| **ROBIN JEAN LYON CINI**,<br><br>Plaintiff.<br><br>-vs-<br><br>**VISCOMI & GERSH, PLLP, PETER F. CARROLL, JOHN DARREN COGAR, SUSANNE J. COGAR, BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., NIGEL CINI, ROBIN JEAN LYON CINI, PERSONAL REPRESENTATIVE OF THE ESTATE OF HANNA CINI**, and **ROBIN JEAN LYON CINI, CONSERVATOR FOR BAYDEN CINI**,<br><br>Defendants. | Adv No. **11-00007** |

## MEMORANDUM OF DECISION

At Butte in said District this 29th day of July, 2011.

In this adversary proceeding the Court entered a Memorandum of Decision (Docket No. 73) and Order on June 22, 2011, which denied the Plaintiff/Debtor Robin Jean Cini's ("Robin") second motion for summary judgment (Dkt. 61) against Defendant Nigel Cini ("Nigel"), concluding that Robin failed to satisfy her burden under Rule 56, Fed. R. Civ. P. (applicable

1

under F.R.B.P. 7056), of showing that there are no genuine issues of material fact about whether the sheriff's sale of Nigel's interests was conducted in accordance with applicable law. On June 28, 2011, Robin filed a motion to alter and amend, asking that the Court reconsider and grant her second motion for summary judgment, and contending that this Court is required by the *Rooker-Feldman* doctrine[1] to abstain from reviewing the state court's final decision, or from reviewing Robin's levy on execution of her judgment. Nigel filed a response in opposition. Defendant Peter F. Carroll ("Carroll") also filed a response and brief in opposition. The Court has reviewed Robin's motion and the responses. This matter is ready for decision. For the reasons set forth below Robin's motion to alter or amend order will be denied.

This Court has exclusive jurisdiction of the above-captioned Chapter 7 bankruptcy case under 28 U.S.C. § 1334(a). Robin filed her 1st Amended and Substituted Complaint Plaintiff's amended complaint (Docket No. 7) averring claims for relief including but not limited to: Count I – to determine the validity, priority or extent of liens, claims and interests in claims, recoveries and proceeds from litigation, a probate estate of the Plaintiff's deceased daughter Hanna Cini ("Hanna") and settlement proceeds; determination of competing post-petition judicial liens of Carroll and Plaintiff (Count III); and for civil contempt for violation of the stay under 11 U.S.C. § 362 against Carroll and co-Defendants. Robin's amended complaint avers that this Court has jurisdiction of this matter, and that it is a core proceeding. Proceedings to determine the validity, extent or priority of liens, to turn over property of the estate, affecting the liquidation of assets of

---

[1]The *Rooker-Feldman* doctrine takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

the estate or the adjustment of the debtor-creditor relationship, all are core proceedings under 28 U.S.C. § 157(b)(2).

Plaintiff's second motion for summary judgment sought entry of summary judgment against Nigel on Count I on the limited issue of the validity or priority of Nigel's lien, based upon Plaintiff's contention that Plaintiff purchased all of Nigel's rights and interests in all recoveries, proceeds, or interests in state court litigation, at a sheriff's sale. Carroll's response (Dkt. 71) to Plaintiff's 2nd motion for summary judgment contended that the posting, publication and sheriff's sale of Nigel's property occurred on an expired writ, and that there remains a genuine issue of material fact because the sale was void. This Court agreed with Carroll that there remained a genuine issue of material fact[2] regarding whether the sheriff's sale took place after the expiration of the writ, and that such facts, "viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in Carroll's favor based on that evidence." Memorandum, Dkt. 73, page 9, citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 631 (9th Cir. 1987).

## DISCUSSION

Robin moves to alter or amend based upon Rule 59, Fed. R. Civ. P. (applicable under F.R.B.P. 9023). The longstanding rule in this Court in deciding motions for reconsideration is as follows: "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals,*

---

[2]For purposes of the decision on summary judgment, and this decision, the facts are set forth in Dkt. 73 at pages 3 to 5. Those facts are incorporated by reference as though set forth in full herein.

*Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (Amendment under Fed. R. Civ. P. 59(e)); *see also In re Teigen*, 11 Mont. B.R. 91-92 (Bankr. D. Mont. 1992); *In re Brazier Forest Products*, 122 B.R. 119, 121-122 (D.W.D. Wash. 1989); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407 (8th Cir. 1988).

Robin's motion to alter or amend and grant her second motion for summary judgment does not present newly discovered evidence which was not available to her earlier in the case, and does not contend that this Court committed a manifest error of fact. Neither does Robin allege or show an intervening change in the controlling law.

Robin's motion states that she was issued a certificate of sale "as a result of a state court judgment and regularly conducted judicial sale" and that the *Rooker-Feldman* doctrine requires this Court to abstain from reviewing the state's court's final decision or the process in which it was implemented, i.e., the sheriff's sale. The Court considers Robin's reading of the *Rooker-Feldman* doctrine too expansive, and unsupported by controlling authority.

The Court notes that Robin did not allege in her statement of uncontroverted facts, and has not shown, that the order and judgment in the dissolution of her marriage to Nigel, Case No. DR-08-483(A), Montana District Court, Flathead County, are final. Carroll's statement of genuine issues asserts at No. 2 that the dissolution order and judgment presently are on appeal in the Montana Supreme Court. Memorandum, Dkt. 73, p. 6. If that is true then Robin levied on property in execution of a judgment which is not final. Another question of material fact thus arises, because if the order and judgment are on appeal they are not final, and *Rooker-Feldman* cannot apply.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199, 163 L.Ed.2d 1059 (2006) (per curiam), quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Robin was not a "state court loser." She won an order and judgment against Nigel in the state court. Neither was Carroll a "state court loser" in the marital dissolution case involving Robin and Nigel.

> The Ninth Circuit explained the *Rooker-Feldman* doctrine as follows:
>
> In its routine application, the *Rooker-Feldman* doctrine is exceedingly easy. A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is a diversity of citizenship between the parties. *Rooker-Feldman* becomes difficult – and, in practical reality, only comes into play as a contested issue – when a disappointed party seeks to take not a formal direct appeal, but rather its de facto equivalent, to a federal district court.

*Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).

Robin did not establish that her judgment against Nigel is final, and Carroll's statement of genuine issues contends that the dissolution judgment is on appeal. Since the judgment may not be final, it is premature to consider application of the *Rooker-Feldman* doctrine.

The Ninth Circuit explained that the *Rooker-Feldman* doctrine is a statute-based doctrine based on negative inferences of relevant statutes, the modern day successors to which are 28 U.S.C. §§ 1331, 1332, and 28 U.S.C. 1257. *Id.*, 341 F.3d at 1154-55. However:

5

> Under the modern statutory structure, the principle that there should be no appellate review of state court judgments by federal trial courts has two particularly notable statutory exceptions: First, a federal district court has original jurisdiction to entertain petitions for habeas corpus brought by state prisoners who claim that the state court has made an error of federal law. 28 U.S.C. § 2254. Second, a federal bankruptcy court has original jurisdiction under which it is "empowered to avoid state judgments, *see, e.g.*, 11 U.S.C. §§ 544, 547, 548, 549; to modify them, *see, e.g.*, 11 U.S.C. §§ 1129, 1325; and to discharge them, *see, e.g.*, 11 U.S.C. §§ 727, 1141, 1328." [*In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) (en banc)].

*Noel v. Hall*, 341 F.3d at 1155.

Even if the instant adversary proceeding sought to avoid Robin's judgment, which it does not, the *Rooker-Feldman* doctrine may not be applicable because of the second statutory exception under controlling Ninth Circuit authority. *Id.* Robin is not the disappointed party from the state court litigation. She was the prevailing party, and is the Plaintiff in the instant adversary proceeding. Robin initiated this adversary proceeding to determine the validity and priority of Defendants' liens, claims or interests, and for contempt against Carroll. Carroll answered asserting various defenses, but did not plead a counterclaim seeking to avoid Robin's judgment. Nigel did not answer by the deadline and his default was entered. Having asked this Court to determine the validity and priority of liens under the statute defining core proceedings, now Robin argues that this Court should abstain based upon *Rooker-Feldman* and prohibit Carroll from questioning the validity of the sheriff's sale.

*Rooker-Feldman* is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464, 126 S.Ct. at 1201; *Exxon Mobil*, 544 U.S. at 284. Carroll is not a state

6

court loser. He did not initiate this adversary proceeding, and he has not pleaded a counterclaim. The United States Supreme Court explained in *Lance* that *Rooker-Feldman* doctrine,

> "applies only in limited circumstances," *Exxon Mobil, supra*, at 291, 125 S.Ct. 1517, where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court. The *Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment[3].

*Lance*, 546 U.S. at 466, 126 S.Ct. at 1202.

Carroll was not a party to the marital dissolution, and he does not seek appeal or review of Robin's dissolution judgment in this adversary proceeding. He opposed Robin's second motion for summary judgment not based on her judgment, but rather because her execution of the judgment was not carried out in compliance with Montana law. *Rooker-Feldman* cannot be applied against Carroll.

Robin's brief states that she consents to entry of judgment "that whatever property right Carroll had, if any, in property upon which she levied, survived the sheriff's sale." Carroll objects to Robin's motion to alter or amend anyway, contending that the sheriff's sale was held after the deadline for completing the sheriff's sale.

Robin argues that this Court is obligated under *Rooker-Feldman* to accept the sheriff's sale certificate of sale at face value "and with appropriate respect and due deference to the regularly conducted state court proceedings. *See* [*Batlan v. Bledsoe*], 569 F.3d 1106, 1112 [9th Cir. 2009]" (citing *Attorney Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 905 n.5, 106 S.Ct. 2317,

---

[3]In footnote 2 the Supreme Court chose not to address whether there are any circumstances in which *Rooker-Feldman* may be applied against a party not named in an earlier state proceeding. *Lance*, 546 U.S. at 466 n.2. Since Carroll is not challenging Robin's dissolution judgment, this Court need not consider whether any such circumstances may exist.

90 L.Ed.2d 899 (1986) (recognizing "the State's strong, traditional interest in setting the terms of and procedures for marriage and divorce"). *Bledsoe* is distinguishable from the instant case. In *Bledsoe* the Ninth Circuit held that a state court's dissolution judgment, following a regularly conducted contested proceeding, conclusively establishes a "reasonably equivalent value" for the purpose of § 548, in the absence of actual fraud. 569 F.3d at 1108, 1112. The transfers in *Bledsoe* were made pursuant to a dissolution default judgment. 569 F.3d at 1108.

The instant adversary proceeding does not involve the reasonably equivalent value of items of property transferred pursuant to a dissolution judgment, such as in *Bledsoe*, 569 F.3d at 1108. Robin won a money judgment against Nigel, and proceeded with execution against his property pursuant to Montana law. *Bledsoe* arose out of a dissolution proceeding governed by Oregon law, 569 F.3d at 1108, and has no application to Montana statutory procedures for execution of judgments.

This Court denied Robin's second motion for summary judgment because she failed to satisfy her burden for summary judgment under Rule 56(a), by failing to show absence of a genuine issue of material facts regarding the conduct of the sheriff's sale. Section 25-13-402(1)(a), MONT. CODE ANN., states: "The sheriff or levying officer shall . . . execute the writ against the property of the judgment debtor not later than 120 days after receipt of the writ ...." Robin's own exhibits show that the sheriff's sale was conducted after the period of time set forth on the writ[4].

Robin seeks to excuse the failure to comply with the Montana statute governing

---

[4]Mont. Code Ann. § 25-13-402(6)(b) provides: "The sheriff or levying officer shall clearly mark the expiration date upon all served copies of the writ."

8

execution of a writ by the *Rooker-Feldman* doctrine. This Court holds that the *Rooker-Feldman* doctrine is not applicable against Carroll. The Court concludes that Robin failed her burden to show manifest error of fact or law in this Court's Memorandum of Decision, and therefore failed her burden for reconsideration.

**IT IS ORDERED** Carroll's objection is sustained; and a separate Order shall be entered denying Plaintiff's motion to alter or amend order (Dkt. 77).

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana