# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ROBIN JEAN LYON CINI**,<br><br>Debtor. | Case No. **10-62715-13** |
| **ROBIN JEAN LYON CINI**,<br><br>Plaintiff.<br><br>-vs-<br><br>**VISCOMI & GERSH, PLLP, PETER F. CARROLL**, **JOHN DARREN COGAR, SUSANNE J. COGAR, BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., NIGEL CINI, ROBIN JEAN LYON CINI, PERSONAL REPRESENTATIVE OF THE ESTATE OF HANNA CINI**, and **ROBIN JEAN LYON CINI, CONSERVATOR FOR BAYDEN CINI**,<br><br>Defendants. | Adv No. **11-00007** |

## MEMORANDUM OF DECISION

At Butte in said District this 25th day of August, 2011.

Pending in this adversary proceeding is Defendant Peter F. Carroll's ("Carroll") "Motion for Declaratory and Summary Judgment ("Motion") against the Plaintiff Robin Jean Lyon Cini ("Robin") and for release of funds, filed on July 29, 2011, and amended on August 1, 2011 (Docket No. 89). Objections were filed by Defendants John Darren Cogar and Susanne J. Cogar ("Cogars") and by Robin, and Robin set the matter for hearing on September 20, 2011. Montana Local Bankruptcy Rule ("Mont. LBR") 7056-1(d) provides that unless the Court orders

1

otherwise, no formal hearing on a motion for summary judgment will be conducted and the Court shall proceed to consider and rule upon the merits of any such motion. After review of Carroll's Motion, and objections thereto, the briefs, and applicable law, the Court deems no hearing necessary. For the reasons set forth below Carroll's Motion will be denied by separate Order because the Court finds that Carroll failed to satisfy his burden of showing that no genuine issues of material fact exist. This Memorandum of Decision includes the Court's findings of fact and conclusions of law under F.R.B.P. 7052 (applying FED. R. CIV. P. 52 in adversary proceedings).

      This Court has exclusive jurisdiction of the above-captioned Chapter 7 bankruptcy case under 28 U.S.C. § 1334(a). Robin's amended complaint (Docket No. 7) avers claims for relief including but not limited to: Count I – to determine the validity, priority or extent of liens, claims and interests in claims, recoveries and proceeds from litigation, a probate estate of the Plaintiff's deceased daughter Hanna Cini ("Hanna") and settlement proceeds; determination of competing post-petition judicial liens of Carroll and Plaintiff (Count III); and for civil contempt for violation of the stay under 11 U.S.C. § 362 against Carroll and co-Defendants Cogar (Count IV). Proceedings to determine the validity, extent or priority of liens, to turn over property of the estate, affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship, all are core proceedings under 28 U.S.C. § 157(b)(2).

      Carroll's Motion seeks summary judgment on the issue of priority and requests an order directing Defendant Viscomi & Gersh, PLLP ("Viscomi") to release funds of Nigel's, which Viscomi holds, to Carroll in satisfaction of Carroll's judgment against Nigel, based upon Carroll's service of a writ of execution on Viscomi. Carroll contends that an execution sale conducted pursuant to Robin's writ of execution is void under state law because it occurred

beyond the authorized date of Robin's writ.

Cogars object to Carroll's Motion contending that they have an agreed lien against the funds held by Viscomi, which has priority. Cogars argue that the funds held by Viscomi have not yet been distributed out of Hanna's probate estate and therefore are not Nigel's or Robin's property, and for that reason this Court has no jurisdiction over the funds because they are not property of the estate, and that Cogars have priority because their lien was created first and "first in time, first in right." MONT. CODE ANN. ("MCA") § 71-3-113 ("Other things being equal, different liens upon the same property have priority according to the time of their creation.").

Robin objects that Carroll has not satisfied his heavy burden of showing that no genuine issues of material fact exist. Robin contends that she has filed a motion for enlargement of time in the state court litigation which, if granted, would make the sheriff's sale done pursuant to her writ of execution valid, and thus Carroll's Motion is premature.

**FACTS**

Carroll filed a "Statement of Uncontroverted Facts in Support of Motion for Declaratory and Summary Judgment" ("SOUF")[1]. Such a statement of uncontroverted facts is required by Mont. LBR 7056-1(a)(1) governing summary judgments. Carroll's SOUF (Dkt. 62) at pages 2-5 sets forth the following facts:

> 1. On April 16, 2009, Ms Robin Lyon Cini (hereinafter Ms Cini) was in an automobile accident, in which resulted in injuries and the sudden death of the daughter of Ms Lyon Cini and Mr. Nigel Cini.

---

[1] Carroll's SOUF is Dkt. 85. The Clerk entered a "Corrective Entry" at Dkt. 86 on September 29, 2011, instructing Carroll to immediately resubmit his SOUF because he selected an incorrect docket entry, describing Dkt. 85 as a "Supplemental Motion for Summary Judgment *uncontroverted facts*"). Carroll did not comply.

2. On or about July 29, 2009, Ms Lyon Cini and Mr. Nigel Cini (hereinafter "Mr. Cini") entered into an Agreement relating to division of the claims and proceeds from the wrongful death or survival action being prosecuted by the Estate of Hanna Cini.

3. The July 29, 2009 agreement sets forth the division of property interests from all claims and proceeds resulting from the wrongful death action.

4. On May 10, 2010, Nigel signed a confession of judgment in favor of Peter F. Carroll, the defendant here, for $10,960.85.

5. Interest was initially waived on the judgment as the that [sic] confession and judgment included a lien against the proceeds recovered by Mr. Cini through the probate estate's distribution in Case #DV-09-1488(A).

6. The confession of judgment was filed in the Eleventh Judicial District Court on May 13, 2010 and docketed as case #DV-10-694B.

7. On June 14, 2010, Mr. Carroll first provided a copy of the confession and lien to Mr. Cini's attorney, Mr. Ellingson and to Mr. Viscomi, the attorney for the estate.

8. That on November 10, 2010, copies of the judgment and lien acquired by Mr. Carroll were again provided to Mr. Cini's attorney, Jeffrey Ellingson and those attorney's representing Ms Lyon Cini, Michael Viscomi and Mr. Sean Gilchrist.

9. On 11/19/2010, Robin filed a Chapter 13 bankruptcy in this Court. Filed as cause No. #10-62715.

10. On 11/19/2010, the Eleventh Judicial District Court, upon application supported by affidavit, issued a Writ of Execution for $10,960.85 in favor of Mr. Carroll and against Mr. Cini, in case no. DV-10-694B.

11. That Mr. Viscomi has acknowledged service of the Demand for Property under Execution and the Writ of Execution served on his office on November 22, 2010.

12. That Mr. Viscomi has also acknowledged that the sum of $22,950.00 was then allocated to Mr. Cini in accord with his trust management practices.

13. On November 29, 2011, the 11th Judicial District Court entered an Order granting Ms Lyon Cini's claim for attorney's fees. That Order, however, directed payment to the Johnson-Gilchrist Law Firm, and not to Ms Lyon Cini.

14. That Mr. Viscomi was personally served with the Demand for Property under Execution and the Writ of Execution which issued in favor of Mr. Carroll on December 13, 2010.

15. That on December 21, 2010, the debtor's attorney obtained a writ of

execution from the Eleventh Judicial District Court. That writ issued without the support of an affidavit supporting the request.

16. In January 2011, Ms Lyon Cini, filed this adversary proceeding.

17. In March, 2011, the debtor sought summary judgment in this court for the collection of property (monies) owed by Mr. Cini to Ms Lyon Cini under prior agreements.

18. On May 3, 2011, Ms Lyon Cini, through her attorney, Mr. Jim Cossitt purportedly purchased all of Mr. Cini's interests in certain litigation at an execution sale.

19. That sale ostensibly occurred under the December 21, 2010, writ which issued in favor of Ms Lyon Cini.

20. That this court granted summary judgment in favor of Ms Lyon Cini on the portion of funds assigned, but not previously delivered, to Ms Lyon Cini on May 27, 2011.

21. The funds owed to Ms Lyon Cini have been paid to the trustee as directed by the court.

22. That June 22, 2011, the attorney for Ms Lyon Cini returned the original execution and obtained a second execution from the Clerk of the District Court. Again, that writ issued without the support of an affidavit.

23. On June 30, 2011, the Eleventh Judicial District Court, upon application supported by affidavit, issued a Writ of Execution for $11,133.60 in favor of Mr. Carroll and against Mr. Cini, in case no. DV-10-694B. The judgment in favor of Mr. Carroll now accrues interest.

24. That Michael Viscomi was served with the second writ of execution that properly issued to Mr. Carroll on June 30, 2011.

25. That Mr. Viscomi again failed to deliver funds to the levy officer citing the conflicting claims against the funds. See Exhibit "A," "Affidavit in Response to Second Writ of Execution."

26. On July 19, 2011, the attorney for Ms Lyon Cini, acknowledged the following facts in a pleading before the Eleventh Judicial District Court:

    A. The writ that was signed by the deputy clerk on 12/21/10 and [the writ] expired on 4/20/11. See, Exhibit "B," ROBIN CINI'S MOTION: 1) FOR ENLARGEMENT OF TIME UNDER MRCP 6(B); AND FOR ORDER NUNC PRO TUNC (hereinafter July 19 Motion).
    B. That the "execution sale occurred outside the 120 requirement" (under Montana Law, to wit: MCA ). See July 19 Motion, at page 4.

5

        C. That Ms Lyon Cini was informed on 3/31/11 that the execution sale could not be conducted within the life of the writ. July 19 Motion, at page 4.

    27. That Mr. Cini has stated that he would like his creditors to be paid.

Attached to Carroll's SOUF are the exhibits and affidavits referred to above. Carroll's SOUF does not include or address Cogars' contentions that the funds have never been distributed by Hanna's probate estate, and does not address Cogars' lien.

Summary judgment in this Court is governed by Federal Rules of Bankruptcy Procedure 7056 and by Mont. LBR 7056-1. LBR 7056-1(a)(3) provides: "All material facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement of Genuine Issues filed by the opposing party." Cogars filed a response in opposition on August 15, 2011, and also filed a Statement of Genuine Issues (Dkt. 92), which sets forth the following disputed facts:

    1. On August 25, 2008, John Darren Cogar and Susanne Cogar brought a civil action in State Court against Nigel Cini and Robin Cini. [Exhibit 1].

    2. The parties signed a settlement agreement with respect to the State Court action on March 15, 2010, providing, among other things, that the Cogars would have a creditor's claim of $30,000 on the Estate of Hanna Cini, and that when the claim was satisfied, the state court action would be dismissed. [Exhibit 2].

    3. Robin Cini, as Personal Representative of the Estate of Hanna Cini, signed and accepted a more formal Creditor's Lien on the estate on April 23, 2010. This claim was also signed and approved by Michael Viscomi, attorney for the Estate of Hanna Cini. [Exhibit 3].

    4. Because the claim has not been fully satisfied since $18,290.82 remains to be paid on it, the State Court action has not been dismissed and remains open. *Affidavit in Response to Writ of Execution*, [AP #11-07, Dkt. 17-1, pg. 6, ¶7C].

    5. The only monies currently in Michael A. Viscomi's trust account which

Nigel Cini may later be entitled to a portion of pertain to a settlement which was reached on November 4, 2010 with Colony Insurance Company. Specifically, on that date Colony Insurance Company tendered its $100,000 single policy limit to the Estate of Hanna Cini on the wrongful death and survival action claims of Hanna Cini. *Affidavit in Response to Writ of Execution*, [AP #11-07, Dkt. 17-1, pg. 4, ¶5].

Attached to Cogars' Statement of Genuine Issues are the pleadings referred to above, including a copy of their creditor's lien (Ex. B), signed by Robin as personal representative of Hanna's Estate, and signed by Michael Viscomi under "Acceptance of Creditor's Lien."

Robin also filed objections and a Statement of Genuine Issues (Dkt. 96) which alleges the following issues of fact:

    1.  Carroll failed to provide any documents and information contained in either the Motion for Summary Judgment and Statement of Uncontroverted Facts that are admissible in Court, or can be used to overcome the heavy burden to show that there are no disputed facts warranting disposition of the case or the law without trial; therefore, pursuant to LBR 7056-1(a)(3), all Statements of Uncontroverted Facts or the Motion for Summary Judgment are controverted.

    2.  The Motion for Summary Judgment hinges on determination by that court as to whether a judicial sale was properly conducted in favor of Robin Cini.

    3.  Based on Carroll's willful violation of §362(a)(2), (3),&(4), his second levy should be held void under *Gruntz*, and he should be held in contempt for knowing and willfully violating §362 automatic stay provision[2].

## DISCUSSION

**I. Summary Judgment**.

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating

---

[2]This is not a genuine issue of material fact but rather a request to hold Carroll in contempt for willful violation of the stay under 11 U.S.C. § 362(k), which is Count IV of Robin's amended complaint. Robin's request for contempt is improper procedure in a response to a motion for summary judgment, and as such it is summarily denied and disregarded as a genuine issue of material fact.

FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into

evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

### II. Analysis.

The Court finds that Carroll failed to satisfy his initial burden of proof of demonstrating that no genuine issues of material fact exist. Carroll's SOUF does not address Cogars' contentions that the funds at issue are property of Hanna's probate estate and were never distributed in that probate action. Cogars included a copy of their creditor's lien, signed by Robin as personal representative of Hanna's estate, and the settlement agreement signed by Robin and Nigel. Regardless of the agreement between Robin and Nigel about the division of funds from Hanna's estate, if the probate court has never distributed the funds then it has not been shown that Nigel had any rights to the funds held by Viscomi to which Carroll's writs of execution could attach. Carroll also failed to address Cogars' argument that their lien is first in time and therefore first in right under state law.

9

With respect to Robin's sheriff's sale, this Court previously denied her motion for summary judgment because she failed her burden to show absence of any genuine issue of material fact with respect to whether the sale was completed within the time allowed by Montana statute. Attached to Robin's reply (Dkt. 96) is an Exhibit 1 consisting of a reply filed by Robin in Case # DR-08-483(A) in the Montana Eleventh Judicial District Court, Flathead County, dated August 9, 2011, which shows that Robin has filed a motion for enlargement of the time period to complete the sheriff's sale. If the state court grants that motion and retroactively validates the sheriff's sale already conducted for Robin, then Carroll's argument that the sheriff's sale is void may no longer be effective. That decision apparently is outstanding in another court. The effect of that uncertainty, and Cogars' claim of prior lien, persuades the Court that Carroll has not satisfied his heavy burden for summary judgment.

The Court finds that Carroll failed to satisfy his burden to show that no genuine issues of material fact exist. The Court concludes that the specific facts set forth by Cogars regarding their prior lien, the absence of distribution from Hanna's probate estate, and Robin's pending motion for enlargement of time to validate her sheriff's sale, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in Cogars' and/or Robin's favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. Therefore, Carroll's Motion for Declaratory and Summary Judgment must be denied.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2. Count I is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

3. Carroll failed his burden of proof under Fed. R. Bankr. P. 7056, incorporating Fed. R.

Cɪᴠ. P. 56(c) of showing that no genuine issue of material fact exists with respect to Carroll's Motion.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above denying Carroll's Motion for Declaratory and Summary Judgment, as amended (Dkt. 89), and vacating the hearing on the Motion for Summary Judgment scheduled for September 20, 2011.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana