UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ROBIN JEAN LYON CINI**,<br><br>Debtor. | Case No. **10-62715-11** |
| **ROBIN JEAN LYON CINI**,<br><br>Plaintiff.<br><br>-vs-<br><br>**VISCOMI & GERSH, PLLP, PETER F. CARROLL**, **BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., NIGEL CINI**, **ROBIN JEAN LYON CINI, PERSONAL REPRESENTATIVE OF THE ESTATE OF HANNA CINI**, and **ROBIN JEAN LYON CINI, CONSERVATOR FOR BAYDEN CINI**,<br><br>Defendants. | Adv No. **11-00007** |

# MEMORANDUM OF DECISION

At Butte in said District this 25th day of February, 2013.

Pending in this adversary proceeding is the Plaintiff's 3rd motion for summary judgment against Defendant Nigel Cini ("Nigel") on Count I of the 1st Amended and Substituted Complaint (Docket No. 161). Nigel, pro se, filed a response in opposition and requests sanctions against Plaintiff, his former spouse, under F.R.B.P. Rule 9011(c) for filing a motion designed to harass, cause unnecessary delay and needlessly increase the cost of this proceeding. After review of the motion and response, and applicable law, for the reasons set forth below, Plaintiff's 3rd motion for summary judgment will be granted because no genuine issue of material fact exists and

Plaintiff satisfied her burden of showing that she is entitled to summary judgment as a matter of law that Nigel does not have a valid lien, claim or other interest in any and all claims, recoveries and proceeds arising out of Case # DV-09-1488(A) and #DP-09-67(A) in the Montana Eleventh Judicial District Court, Flathead County.  This Memorandum of Decision includes the Court's findings of fact and conclusions of law under F.R.B.P. 7052 (applying FED. R. CIV. P. 52 in adversary proceedings).

This Court has exclusive jurisdiction of the above-captioned Chapter 11 bankruptcy case under 28 U.S.C. § 1334(a).  Plaintiff's amended complaint (Docket No. 7) avers claims for relief including but not limited to:  Count I – to determine the validity, priority or extent of liens, claims and interests in claims, recoveries and proceeds from litigation, a probate estate of the Plaintiff's deceased daughter Hanna Cini ("Hanna") and settlement proceeds.  Proceedings to determine the validity, extent or priority of liens or the adjustment of the debtor-creditor relationship are core proceeding under 28 U.S.C. § 157(b)(2).

Plaintiff's 3rd motion for summary judgment (Dkt. 161) seeks entry of summary judgment against Nigel on Count I on the limited issue of the validity and priority of Nigel's liens, claims or interests in proceeds arising out of Case # DV-09-1488(A) and #DP-09-67(A) in the Montana Eleventh Judicial District Court.

## FINDINGS OF FACT

Plaintiff filed a "Statement of Uncontroverted Facts in Support of Plaintiff's 3rd Motion for Summary Judgment (Against Nigel Cini)" ("SOUF") (Dkt. 162).  Such a statement of uncontroverted facts is required by Mont. LBR 7056-1(a)(1) governing summary judgments.

The SOUF (Dkt. 162) at pages 2-6 sets forth the following facts:

## A. RELEVANT EVENTS IN BANKRUPTCY COURT

1. On 11/19/10, Robin Cini ("Robin") filed her Chapter 13 bankruptcy petition in this Court. Her Chapter 13 case subsequently was converted to a case under Chapter 11. [Case #10-62715, Dkt. 001-0 and 235-0. Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of these facts[1].]

2. On 1/24/11, Robin filed the complaint initiating this adversary proceeding. [AP 11-07, Dkt. 001-0. Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of this fact.]

3. On 2/18/11, Robin filed a 1st Amended and Substituted Complaint (the "Complaint"). The Complaint requested this Court to determine the validity, priority or extent of the liens, claims, and other interests in all claims, recoveries and proceeds related to interests arising out of Cini v. Swarzenberger, et al., DV-09-1488(A), and In the Matter of the Estate of Hanna M. Cini, deceased, Case # DP-09-67(A). [AP 11-07, Dkt. 007-0. Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of this fact.]

4. On 3/28/11, the Clerk entered default against Nigel in AP 11—07 per FRBP 7055. [AP 11-07, Dkt. 024-0. Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of this fact.]

5. On 5/20/11, this Court entered an Order that denied Nigel's Motion to Set Aside Entry of Default. [AP 11-07, Dkt. 29. Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of this fact.]

6. Robin filed two previous motions for summary judgment in AP 11-07. On 5/27/11, this Court entered an order granting Plaintiff's 1st Motion for Summary Judgment, holding that $5,840.81 in funds from distribution by the Estate of Hanna M. Cini, held in the trust account of Defendant Viscomi & Gersh PLLP, is property of Robin's bankruptcy estate. Robin's second motion, requesting entry of judgment against Nigel Cini, was denied on 6/22/11. [A 11-07, Dkt. 16 and 52; Dkt. 61, 73 and 74. Pursuant to FRE Rule 201, Plaintiff requests the Court take judicial notice of these facts.]

---

[1] Public documents are the proper subject of judicial notice. *See* Fed.R.Evid. 201(b); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). The Court therefore grants Plaintiff's request.

## A. RELEVANT EVENTS IN STATE COURT ACTIONS

7. On 4/16/2009, Robin Cini ("Robin") was in an automobile accident, in which Robin sustained injuries, her son Bayden Cini ("Bayden") sustained injuries, and her daughter Hanna Cini ("Hanna") passed away.

8. On or about 7/29/09, Robin and her ex-husband Nigel Cini ("Nigel") entered into an Agreement (the "7/29/09 Agreement") relating to division of the claims and proceeds from the wrongful death or survival action ("wrongful death action") being prosecuted by the Estate of Hanna Cini. [*Id.*; Attached as Exhibit 1].

9. The 7/29/09 agreement sets forth the division of property interests from all claims and proceeds resulting from the wrongful death action as follows:

> a. Robin would receive 42.5% of the recovery;
> b. Nigel would receive 42.5% of the recovery; and
> c. Baden would receive 15% of the recovery.

[*Id.*; *See.* Exhibit 1, pg. 1].

10. On 10/15/10, Robin received a judgment against Nigel for failure to pay child support in the amount of $7,885.00. [MT 11th Judicial District Court, Case No. DR-08-493(A); Attached as Exhibit 2, pg. 14-15].

11. On 11/29/10, the 11th Judicial District Court entered an Order awarding Robin $25,271.40 in attorney fees pursuant to the Findings of Fact, Conclusions of Law, Order and Judgment issued by the Court on 10/15/10. [MT 11th Judicial District Court, Case No. DR-08-493(A); Attached as Exhibit 3].

12. On various dates in late January 2011 and February 2011 Robin caused an execution to be levied on the following persons and property interests:

> a. Peg Allison, Clerk of Court: The levy requested the clerk to note / file / record / docket this levy, in the official court records, against all interests of Nigel John Cini (SSN xxx-xx-8425) in the following actions now pending in the 11th Judicial District of Montana:
>
> I. Cini v. Swarzenberger, et al., DV-09-1488(A); and
> ii. In the Matter of the Estate of Hanna M. Cini, deceased, case # DP-09-67(A).
>
> [Attached as Exhibit 4].

    b. Viscomi & Gersh, PLLP : The levy of execution was against all interests of Nigel John Cini (SSN xxx-xx-8425) in the following actions, recoveries, proceeds or interests of any sort now pending in the 11th Judicial District of Montana:

    I. Cini v. Swarzenberger, et al., DV-09-1488(A); and
    ii. In the Matter of the Estate of Hanna M. Cini, deceased, case # DP-09-67(A).

    [Attached as Exhibit 5].

    c. Nigel was served with a copy of the execution, the Notice and the Directions for Service;

    [Attached as Exhibit 6].

    d. Robin Cini, PR of the Estate of Hanna : The execution was levied on / against all interests of Nigel John Cini (SSN xxx-xx-8425) in the following actions now pending in the 11th Judicial District of Montana:

    I. In the Matter of the Estate of Hanna M. Cini, deceased, case # DP-09-67(A).

    [Attached as Exhibit 7].

    13. Notice of the sheriff's sale pursuant to the writ of execution Robin obtained in Case No. DR-08-493(A) was posted and published according to statute in Flathead County, Montana. [Attached as Exhibit 8].

    14. On 5/3/11, Robin purchased, at the execution sale, all of Nigel's rights, title and interests in and to the following:

    a. All interests of Nigel John Cini in the following actions, recoveries, proceeds or interests of any sort now pending in the 11th Judicial District of Montana:

    I. Cini v. Swarzenberger, et al., DV-09-1488(A); and
    ii. In the Matter of the Estate of Hanna M. Cini, deceased, DP-09-67(A).

    [Attached as Exhibit 9].

15. The sheriff's execution sale of 5/3/11 was not conducted within 120 days after the sheriff's receipt of the writ of execution, as required by § 25-13-402, MONTANA CODE ANNOT. Accordingly, on 7/19/11, Robin filed a motion for enlargement of time in Case No. DR-08-493(A), arguing that the sale occurred beyond the period prescribed by statute through no fault of her own, and requesting the Court to extend the statutory period nunc pro tunc.

16. The District Court concluded that enlargement of time was not necessary to comply with Montana law and held that "[t]he Certificate of Sale of Personal Property is valid, confirmed, approved and adopted by the Court as binding for all purposes and is enforceable as a conveyance document." [Attached as Exhibit 10].

17. Nigel appealed this ruling to the Montana Supreme Court. On 10/16/12, the Montana Supreme Court affirmed the District Court's decision. [Attached as Exhibit 11].

Attached to Plaintiff's SOUF (Dkt. 162) are the exhibits and affidavits referred to above.

Summary judgment in this Court is governed by Federal Rules of Bankruptcy Procedure 7056 and by Mont. Local Bankruptcy Rule ("LBR") 7056-1. Mont. LBR 7056-1(a)(2) requires that a separate "Statement of Genuine Issues" setting forth specific facts which preclude summary judgment in favor of the moving party, must be filed by the party opposing the motion together with an opposition brief. Nigel filed a response in opposition and request for Rule 9011 sanctions, but he did not file a separate, short and concise "Statement of Genuine Issues" setting forth the specific facts which he asserts establish a genuine issue of material fact precluding summary judgment in favor of the moving party, as required by LBR 7056-1(a).

Rule 7056-1(a)(3) provides: "All material facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement of Genuine Issues filed by the opposing party." In the Ninth Circuit, pro se litigants are not excused from compliance with the rules. *Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. BAP 2002).

Ignorance of court rules does not constitute excusable neglect, even if a litigant appears *pro se*. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (*quoting Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987)); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

This Court is aware of its duty to construe pro se pleadings liberally, including pro se motions as well as complaints. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court has construed Nigel's response liberally. He contends that he retains rights against the Plaintiff on appeal, including by petition for certiorari, and has other claims related to Hanna's estate pending in state courts. Having reviewed Plaintiff's Statement of Uncontroverted Facts, the attached exhibits, and Nigel's response, the Court deems the above-listed material facts in Plaintiff's Statement of Uncontroverted Facts admitted pursuant to Mont. LBR 7056-1(a)(2) because they are not controverted by the required Statement of Genuine Issues.

## DISCUSSION

### I. Summary Judgment.

Summary judgment is governed by Fed. R. Bankr. P. 7056. Rule 7056, incorporating Fed. R. Civ. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the

undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

## II. Analysis.

The Court finds that Plaintiff has satisfied her initial burden of proof of demonstrating that there is no genuine issue of material fact. Plaintiff filed a detailed SOUF, supported by exhibits, state court documents, and affidavits. The burden thus shifted to Nigel to set forth specific facts and affirmatively showing that there is a genuine issue for trial. The Court finds that Nigel has failed to satisfy his burden. Nigel failed to file a statement of genuine issues as required by Mont. LBR 7056-1(a)(2). Pursuant to LBR 7056-1(a)(3), all the material facts in the Plaintiff's SOUF are deemed admitted.

In Memorandum of Decision (Dkt. 73) denying Plaintiff's 2nd motion for summary judgment against Nigel, at page 8 the Court found that Plaintiff satisfied her initial burden of proving that no genuine issue of material fact exists. But at page 9 the Court found that a different defendant satisfied his burden to show that genuine issues of fact remain about whether the sheriff's sale of Nigel's interests took place in accordance with applicable law, and the 2nd motion for summary judgment was denied because a rational or reasonable jury might have returned a verdict in the defendant's favor. *T.W. Elec. Serv.,* 809 F.2d at 631.

The above-listed uncontroverted SOUF Facts 16 and 17 resolve any genuine issue of material fact as to whether the sheriff sale took place in accordance with applicable law. Fact 16 of the SOUF states that the district court concluded that the certificate of sheriff's sale of all

Nigel's interests in Case Nos. DV-090-1488(A) and DP-09-67(A) on May 3, 20111, as described in SOUF Fact 14, was "valid, confirmed, approved, and adopted by the Court as binding for all purposes and is enforceable as a conveyance document." Ex. 10 attached to Dkt. 162 is the district court's order dated February 8, 2012.

Nigel appealed. SOUF Fact 17 includes Ex. 11 attached to the SOUF, which is the decision of the Montana Supreme Court concluding that Nigel did not establish that the alleged errors caused his substantial prejudice, and affirmed the district court's decision. Nigel argues that he continues to have claims against the Plaintiff in state court regarding Hanna's estate, and continues to have appellate and certiorari rights. However, Nigel has not established any genuine issue of material fact by his arguments. He has not shown that he requested reconsideration of the Montana Supreme Court's decision, or that he requested and was granted a stay of the decisions of the district court and Montana Supreme Court, or that his petition for certiorari was filed, or that certiorari was granted by the United States Supreme Court. The state court decision that the sheriff's sale of Nigel's interests was performed in accordance with applicable law is final.

The doctrine of issue preclusion bars the reopening of an issue that has been litigated and determined in a prior suit. *Brilz v. Metropolitan General Ins. Co.*, 2012 MT 184, ¶ 18, 366 Mont. 78, 285 P.2d 494, 500 (2012). Along with claim preclusion, these doctrines serve to conserve judicial resources, relieve parties of the expense and vexation of multiple lawsuits, and foster reliance on adjudication by preventing inconsistent decisions. *Id.*; *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267. Montana applies a four-element test to determine whether re-litigation of an issue is barred under issue preclusion: (1) Was the issue

decided in the prior adjudication identical to the issue raised in the action in question? 2. Was there a final judgment on the merits in the prior adjudication? 3. Was the party against whom preclusion is asserted a party or in privity with a party to the prior adjudication? 4. Was the party against whom preclusion is asserted afforded a full and fair opportunity to litigate the issue that may be barred? *McDaniel v. State*, 2009 MT 159, ¶ 28, 350 Mont. 422, 208 P.3d 817.

Plaintiff has satisfied her burden to show that she is entitled to summary judgment as a matter of law against Nigel regarding the ownership of all claims, recoveries and proceeds arising out of Case # DV-09-1488(A) and #DP-09-67(A) in the Montana Eleventh Judicial District Court. The sale of Nigel's interests in these cases was decided in the state court adjudication, and approved by the district court as set forth in SOUF Fact 14. The Montana Supreme Court affirmed the district court's order that the sale of Nigel's interests was valid and binding. Nigel was the same party in Cause #DR-08-483(A) as in the instant adversary proceeding. Fourth, Nigel was afforded a full and fair opportunity in the state district court and Montana Supreme Court to litigate the issue of the sheriff's sale. *McDaniel v. State*, at ¶ 28. The Court finds that all four elements for issue preclusion are satisfied by Plaintiff, and concludes that Plaintiff is entitled to summary judgment as a matter of law that, as a result of the sheriff's sale, Nigel has no valid lien, claim or other interest in any and all claims, recoveries and proceeds arising out of Case # DV-09-1488(a) and #DP-09-67(A) in the Montana Eleventh Judicial District Court.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2. Count I is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Plaintiff satisfied her burden of proof under FED. R. BANKR. P. 7056, incorporating

11

FED. R. CIV. P. 56(c) of showing that no genuine issue of material fact exists with respect to her contentions against Nigel under Count I.

4. Under the doctrine of issue preclusion the Plaintiff is entitled to summary judgment as a matter of law under Count I that, as a result of the sheriff's sale, Nigel has no valid lien, claim or other interest in any and all claims, recoveries and proceeds arising out of Case # DV-09-1488(A) and #DP-09-67(A) in the Montana Eleventh Judicial District Court, Flathead County.

**IT IS ORDERED** a separate Order and Judgment shall be entered in conformity with the above (a) overruling Nigel's objection; (b) granting Plaintiff's 3rd motion for summary judgment (Docket No. 161); (c) dismissing Nigel from this adversary proceeding; and (d) providing that Nigel has no valid lien, claim or other interest in any and all claims, recoveries and proceeds arising out of Case # DV-09-1488(A) and #DP-09-67(A) in the Montana Eleventh Judicial District Court, Flathead County.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana